U.S. DISTICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: _____

GOLDEN VIEW CONDOMINIUM, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

The Defendant, QBE INSURANCE CORPORATION, a foreign corporation, by and through the undersigned counsel, hereby files this Notice of Removal of Civil Action, and states as follows:

1. Defendant is a commercial property insurance carrier that issued a policy of insurance to Plaintiff, GOLDEN VIEW CONDOMINIUM, INC., and has been named as a Defendant in a civil action alleging breach of the insurance contract, which was filed by Plaintiff on October 22, 2010, in the 17th Judicial Circuit Court of the State of Florida for Broward County, case number 10-42649-18, styled as *Golden View Condominium, Inc., v. QBE Insurance Corporation*.

2. Service of process was effected on the Defendant foreign insurer by mail through the Department of Insurance pursuant to Florida Statutes Section 48.151 on November 2, 2010. *See Notice of Service of Process attached hereto as Exhibit "A."*

CASE NO.: _____

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332 and which the Defendant is entitled to remove to this Court based upon diversity of citizenship as the Plaintiff, GOLDEN VIEW CONDOMINIUM, INC., is a Florida corporation and the Defendant, QBE INSURANCE CORPORATION, is a Pennsylvania corporation with its principal place of business at 88 Pine Street, 12th Floor, Wall Street Plaza, New York, New York 10005-1801.  *See Affidavit in Support of Removal by Andrew Bertucci attached hereto as Exhibit "B."*

4. These jurisdictional facts were true at the time of the filing of the Plaintiff's Complaint and are true at the time of removal.

5. At the time of the filing and service of the Complaint, Defendant had no information or evidence regarding the amount of damages being sought by Plaintiff. Further, the Complaint filed by Plaintiff gave no indication as to whether the amount in controversy exceeded the jurisdictional limit of this Court.  Therefore, the case stated by the initial pleading was not removable.

6. However, on December 29, 2010, Plaintiff served its Response to Request for Admissions establishing that the Plaintiff's claim for damages in this action exceeds the jurisdictional requirement of $75,000.00.  In its Response to Request for Admissions, Plaintiff admits that "the amount in controversy in this action exceeds seventy-five thousand dollars, excluding interest, costs and attorneys fees."  *See Response to Request for Admissions attached hereto and incorporated herein as Exhibit "C."*

CASE NO.: _____

7. This Notice of Removal was filed within thirty (30) days after receipt by Defendant of a copy of an "other paper from which it may first be ascertained that the case is one which is or has become removable…"

8. The following constitutes all of the process, pleadings and orders filed in this action:

    a. Complaint

    b. Civil Cover Sheet

    c. Summons

    d. Notice of Service of Process

    e. Answer and Affirmative Defenses

    f. Request for Admissions

    g. Notice of Serving Interrogatories

    h. Request for Production

    i. Notice to State Court

*Copies of which are set forth in the attached Exhibit "D" and are incorporated as part of this Notice of Removal of Civil Action.*

WHEREFORE the Defendant, QBE INSURANCE CORPORATION, a foreign corporation, respectfully requests that the above-referenced action now pending in the Circuit Court in and for Broward County, case number 10-42649-18, be removed from that Court to The United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

DATED this 20th day of January, 2011.

CASE NO.: _____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF on this 20th day of January, 2011, and that a true and correct copy of the foregoing was served on this date by facsimile and U.S. Mail to all counsel of record or pro se parties, including:  Michael Childress, Esq., Childress Duffy Goldblatt, Ltd., 500 N. Dearborn Street, Suite 1200, Chicago, Illinois 60654; and William S. Berk, Esq., Berk Merchant & Sims, PLC, 2100 Ponce de Leon Blvd., PH-1, Coral Gables, Florida  33134.

C. DEBORAH BAIN, P.A.
840 U.S. Highway 1, Suite 305
N. Palm Beach, FL 33408
Telephone: (561) 630-1917
Facsimile: (561) 630-1918
dbainlaw@aol.com


____/s/ C. Deborah Bain_____
C. Deborah Bain, Esq.
Florida Bar No.: 857637